No. 07-62-KSF

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

THE UNITED STATES OF AMERICA

v.

GRADY GAREN CALHOUN

## INDICTMENT

18/1029(a)(2)- Using unauthorized access devices - 1 Ct.
18/1029(a)(3)- Possessing unauthorized access devices - 1 Ct.

A TRUE BILL

_____
FOREPERSON

Filed in Open Court on April 5, 2007

Eastern District of Kentucky
FILED
APR 0 5 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CLERK

Bail, $ _____

UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY   FILED
CENTRAL DIVISION
LEXINGTON   APR 0 5 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES OF AMERICA

V.   INDICTMENT NO. 07-62-KSF

GRADY GAREN CALHOUN

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 18 U.S.C. §1029(a)(2)

On or about and between June 1, 2005, and September 30, 2005, in Fayette County, in the Eastern District of Kentucky

**GRADY GAREN CALHOUN**

knowingly and with intent to defraud used one or more unauthorized access devices. The unauthorized access devices were MasterCard and Visa credit card numbers which he obtained with intent to defraud the businesses issuing the cards and the cardholders. By charging services and items to the cards, and by providing the card numbers to others, he obtained things of value aggregating $1,000.00 or more during a one year period. His use of the card numbers affected interstate commerce because it involved interstate

communications and interstate travel, as well as interstate billings, all in violation of 18 U.S.C. § 1029(a)(2).

## COUNT 2
## 18 U.S.C. § 1029(a)(3)

On or about and between June 1, 2005, and September 30, 2005, in Fayette County, in the Eastern District of Kentucky,

**GRADY GAREN CALHOUN**

knowingly and with intent to defraud possessed fifteen or more unauthorized access devices. The unauthorized access devices were MasterCard and Visa credit card numbers and credit cards which he obtained with intent to defraud the businesses issuing the cards and the cardholders. His possession of the credit card numbers affected interstate commerce because he used the cards to obtain interstate travel and the firms issuing the cards were located outside the state of Kentucky and conducted business in interstate commerce, all in violation of 18 U.S.C. § 1029(a)(3).

A TRUE BILL

_____
FOREPERSON

_____
for AMUL R. THAPAR
UNITED STATES ATTORNEY

2

## **PENALTIES**

**COUNTS 1 & 2:**   Not more than 10 years imprisonment, not more than $250,000 fine, and not more than 3 years supervised release.

**PLUS:**   Mandatory special assessment of $100 per felony count.

**PLUS:**   Restitution.